Matter of Thomas (2019 NY Slip Op 01508)





Matter of Thomas


2019 NY Slip Op 01508


Decided on February 28, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, Dianne T. Renwick, Sallie Manzanet-Daniels, Troy K. Webber, Marcy L. Kahn, Justices.


4672 5510

[*1]In the Matter of David E. Thomas (admitted as David Emil Thomas), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, David E. Thomas, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, David E. Thomas, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 7, 1980.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Remi E. Shea, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent David E. Thomas was admitted to the practice of law in the State of New York by the First Judicial Department on April 7, 1980, under the name David Emil Thomas. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) commenced a disciplinary proceeding against respondent asserting 18 charges of professional misconduct in connection with two legal matters alleging that respondent failed to provide competent representation to a client, failed to act with reasonable diligence and promptness in representing a client, failed to promptly inform his client of a material development in the matter, neglected a legal matter, failed to keep his client reasonably informed about the status of the matter, disregarded a ruling of a tribunal made in the course of a proceeding, knowingly made a false statement of fact or law to a tribunal, engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, and engaged in conduct that adversely reflected on his fitness as a lawyer, in violation of New York Rules of Professional Conduct (22 NYCRR 1200.00) rules 1.1(a), 1.3(a) and (b), 1.4(a)(1)(iii), 1.4(a)(3), 3.3(a)(1), 3.4(c), and 8.4(c) and (h).
In light of respondent's failure to answer or otherwise respond to the petition and failure to contact the Committee, the Committee filed a motion dated November 2, 2018, asking this Court to find respondent in default, to deem the charges alleged in the petition admitted, and to immediately suspend respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1), based on his default, and to refer the matter for a hearing on the issue of sanction only. Although the motion was duly served on respondent, respondent has failed to interpose a response thereto.
In light of respondent's failure "to serve and file an answer or respond specifically to any allegation or charge," we find respondent in default and deem the 18 charges of professional misconduct, as specified in the July 27, 2018 petition, admitted (22 NYCRR 1240.8[a][6] and 603.8[b][3][iv]), and suspend respondent on an interim basis owing to his default on the petition of charges (22 NYCRR 1240.9[a][1]; Matter of Savitt, 161 AD3d 109 [1st Dept 2018]).
Accordingly, the Committee's motion should be granted, the charges in the petition are deemed admitted, respondent is immediately suspended from the practice of law and until further order of this Court, and a referee appointed to hold a hearing to consider evidence in mitigation and aggravation, if any, and to recommend an appropriate sanction to be imposed on respondent (22 NYCRR 1240.8[a][6], 1240.9[a][1] and 603.8[b][3][iv]).
All concur.
Order filed. [February 28, 2019]
Motion to adjudicate respondent in default is granted, the charges in the petition of charges are deemed admitted, respondent is suspended from the practice of law, effective immediately, and until further order of this Court. The proceeding is referred to Referee James T. Shed, Esq., 172 West 82nd Street, Apartment 4C, New York, NY 10024, (212) 580-2116, to conduct a hearing solely as to the appropriate sanction to be imposed upon respondent.